UNITED STATES COURT OF APPEALS
**Filed 4/25/96**
TENTH CIRCUIT

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

CHRISTOPHER CHAVEZ,

Defendant - Appellant.

No. 95-2098

(D.C. No. CR-94-310-JP)

(D. N.M.)

ORDER AND JUDGMENT[*]

Before SEYMOUR, Chief Judge, McKAY and LUCERO, Circuit Judges.

After examining the briefs and the appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.

Defendant Christopher Chavez pled guilty to conspiracy to possess with intent to distribute marijuana. Based on the conspiracy plea and two prior felony convictions, Mr. Chavez was sentenced as a career offender pursuant to U.S.S.G. §§ 4B1.1 and 4B1.2.

---

[*]This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Mr. Chavez argues that the Sentencing Commission exceeded its authority when it included conspiracy charges as predicate offenses for purposes of the career offender guidelines. Unfortunately for Mr. Chavez, we have previously rejected this argument. United States v. Allen, 24 F.3d 1180, 1186-87 (10th Cir.), cert. denied, 115 S. Ct. 493 (1994).

Mr. Chavez admits that Allen controls this case. He requests, however, that we "revisit and vacate" our previous holding. He unabashedly offers no basis for doing this other than his belief that Allen was poorly reasoned. This is insufficient for us to do what Mr. Chavez asks. As we have said before, "We are bound by the precedent of prior panels absent en banc reconsideration or a superseding contrary decision by the Supreme Court." United States v. Killion, 7 F.3d 927, 930 (10th Cir. 1993), cert. denied, 114 S. Ct. 1106 (1994). We do not believe the Killion case needs revisiting either.

AFFIRMED. The mandate shall issue forthwith.

Entered for the Court

Monroe G. McKay
Circuit Judge

2